JACK DARLING v. THE STATE.

No. 15032.  Delivered January 20, 1932.

The opinion states the case.

*Samuel K. Wasaff,* of Midland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Attempt to rape is the offense; penalty assessed at confinement in the penitentiary for five years.

The charge of the court submitted to the jury the offense of assault to rape, and the conviction is for that offense; that is to say, the conviction is for an offense which is not charged in the indictment.  The verdict specifically found the appellant guilty of the offense of assault to rape.  The offense of attempt to rape is defined in article 1190, P. C., 1925, and the definition is as follows:  "If it appears on the trial of an indictment for rape that the offense though not committed was attempted by the use of force, threats or fraud, but not such as to bring it within

the definition of an assault with intent to commit rape, the jury may find the defendant guilty of an attempt to rape and assess his punishment at confinement in the penitentiary for any term of years not less than two."

The offense of assault to rape is defined in article 1162, P. C., as follows: "If any person shall assault a woman with intent to commit the offense of rape, he shall be confined in the penitentiary·for any term of years not less than two."

State's counsel before this court concedes that the conviction cannot stand.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*